**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL HILL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-cv-01932-G-BN** |
| | § | |
| **AER MANUFACTURING,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendant AER Manufacturing ("AER") files its Motion to Dismiss Plaintiff's Amended Complaint (the "Amended Complaint") and Brief in Support pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

## I.    INTRODUCTION AND SUMMARY

This is an employment lawsuit. Pro Se Plaintiff Michael Hill ("Hill") asserts claims for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and age discrimination pursuant to the Age Discrimination in Employment Act of 1967 (the "ADEA").

The Court must dismiss with prejudice all of Hill's claims. Hill's Title VII claims are barred by the statute of limitations because he did not file suit within 90 days after he received his right-to-sue letter. Hill's ADEA claim must also be dismissed because he failed to exhaust his administrative remedies. Finally, all of Hill's claims are subject to dismissal as he has failed to allege sufficient facts in support of his claims to meet basic pleading requirements.

## II.    LEGAL STANDARD

Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Plausibility must be more than a mere "possibility that the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679.

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (internal citations omitted). The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 570. Accordingly, a court must disregard "labels and conclusions" and "naked assertion[s]" devoid of "further factual enhancement." *Iqbal* at 678, 680–81 (internal quotation marks omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In addition to the allegations appearing on the face of a complaint, when considering a Rule 12 motion, the court can also consider "any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.

2010). The Court may also take judicial notice of statutes, regulations, official government documents or information, and matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

In this case, Hill refers in his Amended Complaint to his Charge of Discrimination filed with the Equal Employment Opportunity Commission (the "EEOC"). ECF 15 (*Amended Complaint*, p. 3 of 31).

### III.    ARGUMENT AND AUTHORITIES

#### A.    Hill's Title VII discrimination and retaliation claims are time-barred.

Hill's Title VII claims are untimely because they were not filed within 90 days of Hill's receipt of his right-to-sue letter. Under Title VII, a plaintiff must exhaust administrative remedies before pursuing employment discrimination claims in federal court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). For Title VII claims, "[e]xhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir. 1996)). A plaintiff must file his civil suit within ninety days of receipt of a right-to-sue-letter. *See* 42 U.S.C. § 2000e–5(f)(1). The requirement that a party file a lawsuit within this 90-day limitations period under Title VII is strictly construed. *Taylor*, 296 F.3d at 379. "[C]ommencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant." *Bowers v. Potter*, 113 Fed. App'x 610, 612 (5th Cir. 2004). Courts routinely dismiss claims that are filed after the limitations period expires, even if they are filed only one day late. *See, e.g., Taylor*, at 380 ("Because Taylor did not file his complaint until ... one day beyond the ninety-day period, the district court properly dismissed his claims as untimely.").

Here, Hill admits that he received his right-to-sue letter on April 7, 2025, and attaches it to the Amended Complaint. ECF 15 (*Amended Complaint*, pp. 16 and 13 of 31). Thus, Hill had until

July 7, 2025[1] to file his lawsuit. Hill filed his lawsuit on July 25, 2025, rendering his Title VII claims untimely. *See Price v. Am. Airlines*, 2024 WL 1078294, at *1 (N.D. Tex. Feb. 26, 2024) ("Plaintiff filed her original Complaint, in this case, on December 1, 2023, ninety-one days after she received the Notice of Right to Sue letter from the EEOC. Consequently, Plaintiff's suit is untimely."), *rec. adopted*, 2024 WL 1078238 (N.D. Tex. Mar. 12, 2024); *Boyd v. AT&T Mobility Servs. LLC*, No. 3:23-CV-2882-D, 2024 WL 3952586, at *2 (N.D. Tex. Aug. 27, 2024) (dismissing claims filed 91 days after receipt of right to sue letter). Therefore, the Court must dismiss with prejudice both of Hill's Title VII claims (discrimination and retaliation).

**B.    Hill failed to exhaust his administrative remedies on his ADEA claim.**

In addition to timely filing his lawsuit (which Hill did not do), Hill must also properly exhaust each claim he intends to bring in litigation. Specifically, a Charge "must be sufficiently descriptive to put the employer on notice of the activity complained of and give the EEOC an opportunity to secure voluntary compliance." *Owens v. Dall. Cnty. Cmty. Coll. Dist*., 793 F.App'x 298, 301 (5th Cir. 2019) (per curiam) (internal citation omitted). The Charge must provide the employer notice of the existence and general substance of discriminatory allegations. *See Manning v. Chevron Chem. Co*., 332 F.3d 874, 878 (5th Cir. 2003). If the plaintiff's failure to exhaust administrative remedies is established by the pleadings and other properly considered documents, then dismissal under Rule 12(b)(6) is appropriate. *See Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013).

Here, Hill's Amended Complaint brings a vague claim for age discrimination in violation of the ADEA. *See Amended Complaint*, p. 4 of 31 ("Plaintiff was overlooked and replaced with younger employees under circumstances suggesting age-based bias.") Hill's Charge, however,

---

[1] Hill's 90-day deadline of July 6, 2025, falls on a Sunday.

alleges only that he was discriminated against based on his race, claiming AER refused to provide Hill new technology equipment, denied him overtime, and terminated his employment. App. 2-4 (Ex. A, Charge of Discrimination). Hill does not mention being overlooked for or replaced with younger employees in his Charge. *Id.* In fact, Hill makes **no** allegation or reference to age at all in his Charge. AER cannot be deemed to be "on notice" that an age discrimination claim can "reasonably grow" out of a race discrimination claim when Hill's Charge contained no reference, claim, or allegation that could give rise to age discrimination. *See Briggs v. Dart Reg'l Rail Right of Way Co.,* No. Civ.A. 305CV1358G, 2005 WL 3133505, at *3 (N.D. Tex. Nov. 23, 2005) (holding plaintiff's race discrimination claim "could not 'reasonably be expected to grow out of' the retaliation claim alleged in [plaintiff's] EEOC charge" when the "charge made no mention of race discrimination, nor did it provide any factual allegations that would reasonably lead the EEOC to investigate a claim of race discrimination.") (internal citation omitted).

Additionally, filing a new EEOC Charge, or amending, would be futile, because Hill is outside of the window to file a Charge based on his termination or any actions that occurred before his termination. A Plaintiff asserting claims under ADEA must file a complaint within 300 days after the alleged unlawful practice occurs. *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 726 (5th Cir. 2002) ("For [ADEA] cases arising in Texas, a complainant must file within 300 days of the last act of discrimination.").

The latest date that Hill could file a Charge for age discrimination based on his termination, was July 25, 2024 (300 days after his termination occurred). Thus, any attempt to file a new Charge with respect to Hill's age discrimination claim would be futile, and this claim must be dismissed with prejudice. *White v. EVO Merchant Servs., LLC,* 2022 WL 847221, at *2 (N.D. Tex. Mar. 22, 2022) ("Because [plaintiff] cannot cure her failure to timely file her [EEOC] charge with an

amended pleading, the Court concludes amendment would be futile and dismisses her claim with prejudice.").

**WHEREFORE,** AER respectfully requests that this Court dismiss Hill's Amended Complaint with prejudice, and award its costs and fees incurred in this action or any such other relief that this Court deems just and proper.

Respectfully submitted,

*/s/Jana S. Baker*
Jana S. Baker
Texas Bar No. 00794610
jana.baker@ogletreedeakins.com
Diamond B. Williams
Texas Bar No. 24138652
diamond.williams@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to the following:

Michael Hill
4280 Trinity Mills Road, #1505
Dallas, TX 75287
Michaelhill0630@gmail.com

*/s/Jana S. Baker*
Jana S. Baker