FILED-USDC-NDTX-DA
'25 SEP 30 AM 10:49

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

Michael Hill,

Plaintiff,

v.                              Civil Action No. 3:25-cv-01932-G-BN

AER Manufacturing,

Defendant.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Michael Hill respectfully submits this Response in Opposition to Defendant AER Manufacturing's Motion to Dismiss and states the following:

## I. INTRODUCTION

Defendant moves to dismiss Plaintiff's Amended Complaint on the grounds of alleged untimeliness and failure to exhaust administrative remedies. However, Plaintiff's claims are supported by substantial factual allegations and are eligible for equitable tolling due to extraordinary circumstances. Plaintiff also has digital evidence that further supports his claims and respectfully requests permission to submit a flash drive containing this material.

## II. ARGUMENT

### A. Plaintiff's Title VII Claims Are Timely Due to Equitable Tolling



page. 9/61

Plaintiff received his EEOC Right to Sue letter on April 7, 2025. While Defendant argues that Plaintiff filed after the 90-day window, Plaintiff respectfully invokes the doctrine of equitable tolling.

Plaintiff is a 100% permanently and totally disabled Veteran, with a fully favorable Social Security Disability decision dated February 7, 2025. His impairments— including degenerative disc disease, radiculopathy, and mobility limitations— prevented timely filing despite diligent efforts.

Additionally, Plaintiff has service-connected PTSD, which causes memory loss, cognitive fatigue, and difficulty managing deadlines and administrative tasks. These symptoms are confirmed in his VA disability records and medical evaluations.

The plaintiff was actively pursuing related claims with the Texas Workforce Commission, the VA, and the SSA during the tolling period. Courts recognize equitable tolling in cases of medical incapacity and good-faith pursuit of legal remedies. See *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990); *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250 (2016).


B. Plaintiff's ADEA Claim Is Properly Linked to EEOC Charge

The defendant contends that the plaintiff did not exhaust administrative remedies for his age discrimination claim. However, the plaintiff's EEOC charge and complaint are based on the same set of facts—his termination under suspicious circumstances after workplace injuries and discriminatory treatment.

The plaintiff is over 50 and was replaced by younger, less experienced employees. Courts permit claims that "reasonably grow out of" the facts alleged in the EEOC charge. See *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006).

Even if the age claim was not explicitly stated, Plaintiff's pro se status and overlapping factual basis justify leniency and further investigation.


C. Plaintiff Has Sufficient Facts to Survive Dismissal

Plaintiff's complaint details two workplace accidents, denial of medical care, racial hostility, and retaliatory termination. These are not "threadbare recitals," but specific incidents backed by medical records, agency findings, and sworn declarations.



Under Rule 8 and *Twombly/Iqbal* standards, the Plaintiff has made plausible claims for relief.


D. Plaintiff Requests Permission to Submit Digital Evidence.

The plaintiff respectfully requests permission to submit a flash drive containing digital evidence relevant to this case. This includes:


- Text messages sent using an AER-issued company cell phone

- Communications were erased by AER the day before Plaintiff's termination on October 7, 2023.

- Audio and video recordings previously shared with AER management documenting discriminatory and retaliatory conduct.


This evidence clearly backs Plaintiff's claims and shows a pattern of misconduct and concealment by Defendant.


III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. Alternatively, Plaintiff requests permission to file a Second Amended Complaint to address any deficiencies and include additional evidence.


Respectfully submitted,

__/s/ Michael Hill__

Michael Hill

4280 Trinity Mills Rd #1505

Dallas, TX 75287

(214) 257-4099

Michaelhill0630@gmail.com   Date 09/10/2025



page. 11/61

## Exhibit Q – Digital Evidence Flash Drive

**Title:** Digital Evidence Supporting Plaintiff's Claims
**Submitted By:** Michael Hill, Plaintiff, Pro Se
**Civil Action No.:** 3:25-cv-01932-G-BN
**Date of Submission:** 09/10/2025

**Contents of Flash Drive:**

1. Text messages sent using an AER-issued company cell phone.one
   - Messages relevant to workplace treatment and retaliation
   - Deleted by AER the day before Plaintiff's termination on September 29, 2023
2. Audio Recordings
   - Statements made to AER management regarding discrimination and retaliation
3. Video Clip's
   - Documentation of workplace conditions and Plaintiff's physical limitations

**Purpose: This digital evidence directly supports Plaintiff's claims of race discrimination, retaliation, and wrongful termination. It also shows Defendant's efforts to hide relevant communications by deleting company-issued phone data before Plaintiff's termination.**

## Updated Declaration Supporting Equitable Tolling

**I, Michael Hill, declare under penalty of perjury:**

1. I am the Plaintiff in this case. I am a Veteran who is 100% permanently and totally disabled, and I have also been approved as disabled by the Social Security Administration.
2. I received a Right to Sue letter from the EEOC on April 7, 2025. My deadline to file a federal complaint was July 6, 2025.
3. During this time, I faced significant health issues including degenerative lumbar disc disease, high blood pressure, limited mobility needing a cane, and mental fatigue caused by pain, sleep problems, and medications.
4. I also suffer from service-connected PTSD, which causes memory loss, difficulty concentrating, and impaired executive functioning. These symptoms are documented in my VA disability records and have greatly affected my ability to handle legal filings and deadlines.
5. I made diligent efforts to pursue my legal rights despite these obstacles, including:
   - Submitting medical documentation and appeals to SSA
   - Rebutting false statements from my employer in EEOC mediation



- o   Seeking legal representation from various firms
- o   Preparing filings and organizing supporting exhibits independently

6.  My disability has significantly restricted my ability to travel, sit or stand for long periods, or reliably complete physical and administrative tasks needed for timely filing.

7.  Despite these barriers, I stayed committed to seeking justice and am filing my complaint as soon as possible.

I swear under oath that the above is true and accurate.

Executed on: 09/10/2025
Location: Dallas, Texas.

Signature: _Michael Hill_
**Michael Hill**

page. 13/61

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Michael Hill,
Plaintiff,

v.                                      Civil Action No. 3:25-cv-01932-G-BN

AER Manufacturing,
Defendant.

## AFFIDAVIT OF AUTHENTICITY AND RELEVANCE

I, Michael Hill, declare under penalty of perjury:

1. I am the Plaintiff in the above-captioned matter and submit this affidavit
in support of Exhibit Q - Digital Evidence Flash Drive.

2. The flash drive contains original audio, video, and text message evidence
that I personally recorded or received during my employment at AER
Manufacturing.

3. The recordings and messages were captured using company-issued devices and
document the following:

    - Meetings with supervisors Jason Newcomb and Justin Pittenger regarding
workplace Procedures And directives to report only to them and no one else.
    - A video interaction with Ernesto Alvarez in which I was denied overtime
at times.
    - A recorded meeting with Todd Hastings, where I requested a written copy
of AER's policies and procedures, which was denied.
    - Text messages sent via an AER-issued cell phone, which were erased by
AER the day before my termination.

4. On the same day I was terminated, AER hired two white Caucasian drivers
with less experience to replace me. This fact supports my claim of race-based
discrimination.

5. I affirm that the contents of the flash drive are authentic, unaltered,
and directly relevant to the claims of discrimination, retaliation, and
procedural misconduct raised in my complaint.

6. I respectfully request that the Court admit this evidence into the record
and permit its use in all future proceedings.

Executed on: September 23, 2025
Location: Dallas, Texas

__/s/ Michael Hill__
Michael Hill            Michaelhill@Gmail.com
4280 Trinity Mills Rd #1505
Dallas, TX 75287
(214) 257-4099